WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **MARVIN R. SWICHTENBERG, JR.**<br><br>Plaintiff,<br><br>vs.<br><br>**ARIZONA DEPARTMENT OF CORRECTIONS**, an entity of the State of Arizona; **DR. DORA SCHRIRO**, Director of the Arizona Department of Corrections; **STATE OF ARIZONA**; and **TERRY GODDARD**, Arizona Attorney General,<br><br>Defendant. | No. 08-690-PHX-ROS<br><br>**ORDER** |

Pending before the Court is State Defendants' Motion to Dismiss (Doc. 12). For the foregoing reasons, State Defendants' Motion is granted as to the State of Arizona, Arizona Department of Corrections, and Terry Goddard. State Defendants' Motion is granted as to Dr. Dora Schriro. Plaintiff has leave to amend his complaint as regards Defendant Schriro.

**BACKGROUND**

Marvin R. Swichtenberg, Jr. ("Plaintiff") was incarcerated by the Arizona Department of Corrections ("ADOC") in 1995 when he began serving a fifteen-year sentence which allowed Plaintiff to obtain earned release credits (Compl., Doc. 1 at ¶ 10). In September 2000, ADOC first computed Plaintiff's release date as January 2007, then recalculated the

1  release date as March 2010 (Id. at ¶12). Plaintiff calculated the release date as August 2006
2  (Id.). Seeking to resolve the discrepancy, Plaintiff filed a Motion for Clarification of
3  Sentence in the Maricopa County Superior Court in 2005 (Id. at ¶ 13). This Motion was
4  denied for failing to give notice and because ADOC, not the court, was the appropriate entity
5  to recalculate the sentence (Id. at ¶ 15).

6  Plaintiff then requested a recalculation of his sentence from several unnamed ADOC
7  officials, but each request was met with an instruction to pursue the recalculation with a
8  different ADOC official or division (Id. at ¶ 17). Finally, a "Correctional Officer IV" denied
9  Plaintiff's request for recalculation (Id. at ¶ 18).  Following denial, Plaintiff requested an
10 audit of his sentencing records from ADOC's Time Computation Unit, but ADOC never
11 responded to this request (Id. at ¶ 19).

12 Plaintiff then filed a Petition for Special Action in the Maricopa County Superior
13 Court on June 29, 2007, naming Dr. Dora Schriro, Director of ADOC ("Schriro"), as
14 Defendant (Id. at ¶ 20). At the proceeding, the Arizona Attorney General's Office,
15 representing the State of Arizona ("State"), did not object to Plaintiff's immediate release and
16 Plaintiff was released from incarceration on September 28, 2007 (Id.).

17 On July 9, 2008, Plaintiff filed a two-count Complaint with the Court alleging civil
18 rights violations under the Eighth and Fourteenth Amendments to the United States
19 Constitution against ADOC, Schriro, the State and Terry Goddard, Arizona Attorney General
20 ("Goddard") (collectively, "State Defendants") (Id. at ¶¶ 2-4). Plaintiff alleges State
21 Defendants are liable for compensatory damages under 42 U.S.C. § 1983 ("§ 1983"), which
22 allows claimants to bring a cause of action against state officials for civil rights violations.[1]
23 Plaintiff alleges his Eighth Amendment rights against cruel and unusual punishment were

---

[1]"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983 (2006).

violated when ADOC officials incarcerated Plaintiff past his correct release date ("Count One") (Id. at ¶¶ 25-26). Further, Plaintiff alleges State Defendants violated his Fourteenth Amendment right to due process when they failed to provide a process for handling recalculation requests from inmates ("Count Two") (Id. at ¶¶ 29-31).

## DISCUSSION

### I. Legal Standard

A court may dismiss a complaint when it "fails to state a claim for which relief may be granted." Fed. R. Civ. P. 12(b)(6).  However, a court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). When evaluating a motion to dismiss, "allegations of material fact are taken in the light most favorable to the nonmoving party." Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996). "However, conclusory allegations of law and  unwarranted inferences are not sufficient to defeat a motion to dismiss." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The Court may dismiss a complaint for "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### II. State Defendants' Motion to Dismiss

#### A. Dismissal of Claims Against State, ADOC, and Goddard

Plaintiff concedes that the claims against the State, ADOC, and Goddard should be dismissed (Pl.'s Resp. to Def's Mot. Dismiss ("Resp."), Doc. 13 at 4). Accordingly, the claims against the State, ADOC and Goddard are dismissed with prejudice.

#### B. Dismissal of Claims Against Dr. Dora Schriro

Remaining before the Court are Counts One and Two against Schriro who Plaintiff alleges violated his Eighth and Fourteenth Amendment rights. Plaintiff first pleaded that Schriro acted in her official capacity (Compl., Doc. 1 at ¶ 4). Plaintiff then changed course

1 and now appears to allege Schriro acted in her personal capacity (Resp., Doc. 13 at 7). Section 1983 claims for monetary damages against state officers acting in their official capacity are barred on Eleventh Amendment immunity grounds because they are considered claims against the state. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66-67 (1989). Claims for monetary damages against state officials in their *personal* capacity, however, can proceed. Kentucky v. Graham, 476 U.S. 159, 166-67 (1985). Even if Plaintiff correctly pled alleging Schriro acted in her *personal* capacity to violate his civil rights, such claim would not overcome State Defendants' Motion to Dismiss based on the facts alleged.

To prove a claim under § 1983, Plaintiff "must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Vicarious liability is not imposed under § 1983. E.g., Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). However,

> [s]upervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others.

Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000). See also, Taylor, 880 F.2d at 1045 (imposing § 1983 liability on a supervisor only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them"); Tripati v. State, 16 P.3d 783, 787 (Ariz. Ct. App. 2000) (for a § 1983 claim against the director of ADOC to be viable, a plaintiff "must allege personal participation by [defendant;] . . . the allegation that [defendant] is responsible for ADOC operations is insufficient, by itself, to support a § 1983 claim").

Plaintiff alleges that because Schriro, as Director of ADOC, is "responsible for the overall operations and policies of the [ADOC]," A.R.S. § 41-1604(A)(1), she "should have known that by failing to provide a mechanism for reviewing release eligibility determinations, errors may go uncorrected and individuals may be incarcerated unconstitutionally," (Resp., Doc. 13 at 6). However, Plaintiff offers no facts to support this

assertion, relying instead on Schriro's mere status as the Director of ADOC to state a claim against her. "Conclusory allegations of law," Pareto, 139 F.3d at 699, stemming from Schriro's status as Director of ADOC are insufficient to support a § 1983 claim.

Further, Plaintiff asserts that no system was in place for ADOC officials to respond to inmate's sentence recalculation requests. Without more facts, it appears a process did exist for Plaintiff to pursue the recalculation of his sentence by ADOC, even if such process was flawed and did not provide Plaintiff with a timely remedy. Moreover, Plaintiff obtained release from incarceration by pursuing a Special Action in Maricopa County Superior Court. These facts demonstrate there was a process in place; as such, Plaintiff failed to demonstrate that no process existed. Plaintiff fails to state a sufficient claim against Schriro on both Counts and as a result, the Court dismisses Plaintiff's complaint without prejudice and with leave to amend.

### C. Statute of Limitations

State Defendants first asserted the statute of limitations ran on Plaintiff's claim in its Reply to Plaintiff's Response ("Reply") (Doc. 14).  The Court does not have to grant dismissal on the basis of arguments first raised in the Reply. See, U.S. ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("[i]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers") (relying on Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 894-95 (1990)).

Even if it was proper for the Court to consider the issue, a statute of limitations defense may be considered at the motion to dismiss stage only "[i]f the running of the statute is apparent on the face of the complaint." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).  Then, a motion can be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id. State law dictates the statute of limitations period and whether claims can be tolled. E.g., Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).

- 5 -

Federal law determines when a claim accrues, which is when a plaintiff "knows or has reason to know of the injury which is the basis of the action." Id. However, claims "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid [are barred unless plaintiff first proves] that the conviction or sentence has been reversed on direct appeal." Id. at 380 (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).

Given the complexity of the statute of limitations analysis, the facts provided by the parties are insufficient to determine when Plaintiff's claims accrued and whether the statute of limitations bars Plaintiff's claims. Further, because such analysis is not needed to render a dismissal in this case the Court withholds any decision on the statute of limitations issue.

### D. Leave to Amend Complaint

A plaintiff may amend the complaint once "before being served with a responsive pleading." Fed. R. Civ. P. 15(a) ("Rule 15"). Also, a court may allow a plaintiff to amend the complaint "when justice so requires." Id. Rule 15 favors a policy allowing amendments, and the Ninth Circuit has "applied this policy with liberality . . . [unless an] amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." Ascon Prop.'s, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

State Defendants have not answered Plaintiff's complaint, and Plaintiff has not yet amended the complaint (Resp., Doc. 13 at 9). Additionally, the facts do not demonstrate that amending the complaint would be an "exercise in futility" or give the Court any reason to limit the applicability of Rule 15 to the dispute between the parties.

Accordingly,

Counts One and Two as pertaining to the State of Arizona, Arizona Department of Corrections and Terry Goddard are **DISMISSED** with prejudice.

Counts One and Two as pertaining to Dr. Dora Schriro are **DISMISSED** without prejudice with **LEAVE TO AMEND** the complaint within thirty days of the date of this Order. Failure to do so will result in the dismissal of the case in it's entirety.

DATED this 27th day of March, 2009.

_____
Roslyn O. Silver
United States District Judge